## WASHINGTON v. STATE. (No. 6831.)

(Court of Criminal Appeals of Texas. April 5, 1922. Rehearing Denied April 26, 1922.)

1. **Criminal law ⬅1144(7)—Witness presumed not to have attended court in absence of statement in application for continuance.**

Where, in an application for continuance to secure attendance of an absent witness, there is no statement of any attendance of the witness in question in obedience to subpœna, on appeal, the court will presume that such witness did not attend court.

2. **Witnesses ⬅17—Attachment available where witness does not obey subpœna.**

Where a witness did not attend court in obedience to subpœna, an attachment became available.

3. **Criminal law ⬅598(6)—Delay in suing out attachment for witness held to justify denial of continuance.**

Where a witness, for whose appearance a continuance was asked, did not appear in obedience to subpœna, and no attachment was issued until two days before the trial, there was no diligence warranting continuance.

4. **Criminal law ⬅938(1)—Continuance on account of absence of witness held properly denied.**

In a prosecution for assault with intent to murder, an application for a continuance because of the absence of a witness was properly denied where the witness would not have testified as recited in the application, and such testimony was not material was at variance with other testimony and probably not true and did not tend to affect the result of the trial.

5. **Criminal law ⬅1134(6)—Wrong reason for correct decision of trial judge will not prevent proper judgment on appeal.**

Where the conclusion of the trial judge denying a motion for continuance was correct, whether his reason advanced therefor was exactly in accord with what should have been his judgment will not prevent the court, on appeal, from rendering correct judgment upon a review of the whole case.

6. **Homicide ⬅319—Motion for new trial on ground of newly discovered evidence held properly denied.**

A motion for a new trial in a prosecution for assault with intent to murder, on the ground of newly-discovered evidence that the alleged victim of assault had said she would whip defendant, held properly denied because not of sufficient materiality or weight.

Appeal from District Court, Sabine County; V. H. Stark, Judge.

Lula Washington was convicted of assault with intent to murder, and she appeals. Affirmed.

Adams, King & Adams, of Hemphill, for appellant.

R. G. Storey, Asst. Atty. Gen., for the State.

LATTIMORE, J. Appellant was convicted in the district court of Sabine county of assault with intent to murder, and her punishment fixed at two years in the penitentiary.

A continuance was sought because of the absence of one Placker. The application stated that this witness was subpœnaed on April 7, 1921, in Sabine county, and that, on September 16, 1921, an alias subpœna was issued to Tyler county for him, which had not been returned; that, on September 19, 1921, an attachment was asked for, but to what county or whether issued does not appear from the record. The trial was had September 21, 1921, The motion for new trial was not acted upon until October 22, 1921.

[1-3] There is no statement in the application for continuance, of any attendance of said witness at court in obedience to the summons of April 7th, mentioned above. We must presume that said witness did not attend court in obedience thereto. An attachment thus became available. None seems to have been issued till two days before the trial. This is not diligence. Vernon's C. C. P., pp. 307–313. The trial court qualifies the bill of exceptions taken to the overruling of said application for continuance by say-

ing that the testimony of the absent witness was cumulative. Many authorities hold this not a sufficient reason for refusing a first application for continuance. Vernon's C. C. P., p. 217, for collated cases. Said application states that, by Placker, appellant expected to prove that said witness saw Beatrice Shannon, the alleged injured party, and two other women go up to appellant's gate and call her out, and that said Beatrice pulled off a picket and presented it as though she was going to strike appellant. Unfortunately this absent testimony is not in consonance with appellant's own evidence, but is contradictory of same. In her own behalf, appellant swore that, when she went to the gate, the lie was passed between her and Beatrice, and that Beatrice tried to get a picket off of the fence, and it would not come off, and that Beatrice grabbed appellant by the collar of her blouse and tore it off, and that she stuck her knife into Beatrice. We find these expressions in her testimony:

"She was still trying to get the picket off when I cut her. * * * She had me in my mittie blouse. I was forced to cut her. She tore my mittie blouse off. She held onto the picket and held me, too. * * * She was trying to hold me until she could get the picket off the fence. When she grabbed me in my collar I opened the knife."

Appellant also swore that Beatrice never did get the picket loose from the fence. Appellant's son also said that his mother never did get the picket loose from the fence. A Mr. Alford testified for appellant that, when Beatrice failed to get the picket loose from the fence, she grabbed for a piece of iron pipe before the two women clinched. An examination of the state's evidence demonstrates that there was no contention on the part of the state but that Beatrice did in fact grab for a picket. The state witnesses said that appellant was in the act of making an attack upon Beatrice, accompanied by threats, and that Beatrice tried to get the picket off the fence apparently to defend herself with, but that she was cut by appellant before she could get it loose.

[4, 5] We have set out this much of the testimony as showing that the statement in the application that, by the witness Placker, appellant expected to show that Beatrice pulled off a picket and presented it as though she was going to strike appellant, was entirely at variance with any other testimony in the case, and that, when the trial judge was called upon to pass on appellant's motion for new trial, based in part upon a refusal of said continuance, he would have the right to conclude that, had said witness been present, he would not have given testimony such as was set out in the application for continuance. There would seem no question but that such conclusion on the part of said judge would have been correct, and whether his reason advanced for a given action was exactly in accord with what should have been his judgment, would not prevent this court, upon a review of the whole case from rendering such judgment as it deems correct in the premises. Unless we conclude that the absent witness would have given the testimony set out in the application for continuance, and that it was material and probably true and would have likely produced a different result, we should uphold the action of the trial court in refusing such continuance.

[6] There were no exceptions to the charge of the court, and no bills of exception to the rejection or acceptance of any testimony. But two bills of exception appear in the record, one of which is to the refusal of said continuance, and the other to the overruling of an amended motion for new trial. One of the grounds of said motion was that of newly-discovered evidence. This consisted of an affidavit of a woman, that she heard Beatrice Shannon say, at a time prior to the difficulty with appellant, that she intended to whip appellant. We do not think this testimony of such materiality or weight as to call for the granting of a new trial.

Finding no error in the record, the judgment of the trial court will be affirmed.

### On Motion for Rehearing.

Appellant has filed a motion for rehearing which substantially raises all of the questions presented upon the original appeal. The main contention now made is that the evidence does not support the judgment finding appellant guilty of assault with intent to murder. The conflicts in the evidence were matters for the jury, which had before it the witnesses and after hearing them found against appellant's contention. Their finding seems amply supported, and the motion for rehearing will be overruled.